## E. Frank Coe Company v. Eichenberg, Appellant.

*Contract—Goods sold and delivered—Agreement in writing—Continuance.*

In an action for goods sold and delivered, a paper was admitted in evidence which was an agreement between the parties for the sale of goods

at prices named therein in carload lots, without specifying any particular amount to be delivered thereunder. A subsequent order for a certain number of tons of goods was also admitted in evidence. The suit was brought on a book account, and neither of the above papers were referred to in the statement. *Held* (1) that no error was committed in admitting the above papers in evidence, inasmuch as the suit was not brought upon them ; and (2) that the court did not err in refusing a continuance on the ground of surprise by reason of the admission of these papers.

Argued Nov. 12, 1902. Appeal, No. 94, Oct. T., 1902, by defendant, from judgment of C. P. Lancaster Co., Jan. T., 1900, No. 35, on verdict for plaintiff in case of E. Frank Coe Company v. S. U. Eichenberg. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on book account for goods sold and delivered.

At the trial the court admitted under exception and objection, the following papers :

### EXHIBIT D.

MILLWAY, LANC. CO., PA., J or (Y), 28, 1897.
MR. CO.'S :
Please forward abut 4 ton grain fertilizer prize abut 8 ton Grain & Grass 3 tons XXV 1 Phosphate also forward drill at once and phosphate 200 Raw Bone (1 sack).

S. U. EICHENBERG.

Send them 100 lbs. bags all do not forget the car I mean 100 lb. bags.

### EXHIBIT E.

ORDER AND AGREEMENT

FOR THE SALE OF

E. FRANK COE'S FERTILIZERS,

FOR THE TERM OF ONE SESSION.

Telegraph Address to Akron, Akron. Send with first train to Millway.
Express Millway Lanc. Co.
P. O. Address Millway.
County Lancaster.
State Pa.

June 11, 1897.

E. FRANK COE COMPANY, 133–137 FRONT ST., NEW YORK
    CITY:

Dear Sirs :—You will please ship, on order, 1897, by the
P. & R. R. R., to—— ——County————the——following
goods, at prices and upon terms named below, and oblige :

Tons E. Frank Coe's High Grade Ammoni-
       ated Bone Superphosphate, in bags
       at............................$—— per ton
  "  E. Frank Coe's Excelsior Guano in
       bags at...................... ——   "
  "  E. Frank Coe's Red Brand Fertilizer
       in bags at .................. ——   "
  "  E. Frank Coe's Gold Brand Fertilizer
       in bags at................... ——   "
  "  E. Frank Coe's Blue Brand Fertilizer
       in bags at.................... ——   "
  "  E. Frank Coe's Ammoniated Bone
       Superphosphate, Standard Brand in
       bags at........................ 24.00   "
  "  E. Frank Coe's " XXV " Brand Am-
       moniated Superphosphate in bags at 19.50   "
  "  E. Frank Coe's Alkaline Bone, Super-
       phosphate in bags at............. 21.90   "
  "  E. Frank Coe's Peach Tree, Fruit and
       Grape Vine Fertilizer in bags at... ——   "
  "  E. Frank Coe's Excelsior Potato Fer-
       tilizer in bags at................ ——   "
  "  E. Frank Coe's High Grade Potato
       Fertilizer in bags at............. ——   "
  "  E. Frank Coe's Special Potato Ferti-
       lizer in bags at................. ——   "
  "  Ralston's Knickerbocker Ammoniated
       Superphosphate in bags at........ 24.45   "
  "  E. Frank Coe's Dissolved Bone and
       High Grade Potash in bags at..... 18.75   "
  "  E. Frank Coe's Ground Bone and
       Potash in bags at................ ——   "
  "  E. Frank Coe's Pure Ground Bone in
       bags at........................ 27.90   "

Tons E. Frank Coe's Matchless Grain Fertilizer in bags at............... 20.00   "

   "   E. Frank Coe's Special Corn Fertilizer in bags at...................... ——   "

   "   E. Frank Coe's Prize Brand Grain Fertilizer at................... 17.00   "

   "   E. Frank Coe's Grass and Grain in bags at...................... 21.00   "

Prices above named are for goods delivered at any depot between Reading and Lancaster in carlots.

Terms of settlement as follows :

On January 1, 1898, for goods sold for fall crops of 1899, a discount of $1.00 per ton will be allowed on above prices for all cash settlements made on or before November 15 next.   E. Frank Coe Company agree to carry over stock unsold at times of settlement, the same to be stored free of cost to the company.

       (Signed)              S. U. EICHENBERG.

  Accepted :

      E. FRANK COE COMPANY,

          Per JOHN RALSTON, Agent.

               Subject to approval.

Frt. $190 and to Millway $195.

| | | |
|---|---|---|
| Amount of note,   .   .   .   . | $28 00 | |
| Protest and charges,   .   .   . | 2 33 | 30 33 |
| | | $327 62 |

Deduct credits, viz :

1898.

| | | |
|---|---|---|
| June 27, by cash,   .   .   .   . | $ 25 00 | |
| July 6, by note,   .   .   .   . | 103 00 | $128 00 |
| | | $199 62 |

All of which appears by a copy of plaintiff's book account of original entries hereto annexed and made a part of this statement.

Plaintiffs further say that although demand has been made, the defendant has not paid the money due for merchandise, fertilizers, etc., nor the said note, nor any part thereof, although payment of the same has been frequently requested, and that there is now justly due and payable to the said, the Frank E.

Coe Company by the said S. U. Eichenberg, the sum of one hundred ninety-nine and 62-100 dollars ($199.62), with interest from July 6, 1898, and that there are no deductions or off-sets of any kind.

Plaintiffs further say that the said S. U. Eichenberg, on July 6, 1898, being then indebted to the plaintiffs for the like sum, one hundred ninety-nine and 62-100 dollars ($199.62), with interest from July 6, 1898, for money paid, laid out and expended for the use of the defendant by the said plaintiffs at his special instance and request, as well as for the like sum had and received by the defendant to the use of the plaintiffs, viz : $199.62, with interest, as aforesaid, and which he has promised to pay, but has hitherto neglected and refused so to do, and therefore they bring this suit.

E. FRANK COE COMPANY,<br>
JOHN L. ALLEN, Sec'y.

Sworn to before me this fifth day of February, 1900.

[SEAL.] PHILIP L. HOWARD,

Notary Public, 203, New York Co.

Neither of the above papers were referred to in the plaintiff's statement of claim. On the admission of these papers defendant pleaded surprise and asked continuance, which the court refused.

Verdict and judgment for plaintiff for $237.62. Defendant appealed.

*Errors assigned* among others were (1) rulings on evidence, quoting the bill of exceptions ; (7) refusal to grant continuance.

*H. Frank Eshleman,* for appellant.—Where there is a written contract it must be incorporated in the statement, especially where the plea is non assumpsit: Malone v. P. & R. Railroad Co., 157 Pa. 430 ; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508 ; Act of May 25, 1887, P. L. 271, sec. 3 ; People's Mut. Fire Ins. Co. v. Groff, 11 Pa. C. C. Rep. 585.

*W. F. Beyer,* for appellee.

OPINION BY ORLADY, J., February 11, 1903 :

This action was brought on a book account for merchandise

sold and delivered as specified by date and item in the plaintiff's statement. The goods were received and used by the plaintiff who promised to make payment therefor. The only assignment of error pressed on our attention is the first, which alleges error in receiving in evidence two exhibits which were properly identified. The "written contract" mentioned was not in any sense a contract, but a mere order and agreement for the sale of fertilizers at the prices named therein in carload lots, without specifying any particular amount to be delivered thereunder. It was executed in duplicate and the defendant retained a copy thereof, and subsequently he gave an order for goods at the prices quoted therein. This paper was merely preliminary to the doing of business between the parties, and, standing alone, did not determine the liability of either party. It required a subsequent order for, and delivery of goods to bring it into life, and its only value would be to limit the defendant's liability to the prices designated. The suit was not brought on this paper; the defendant's plea of surprise was properly overruled, as it was not supported by an affidavit; and the facts claimed as a reason for the motion were not sufficient to justify the court in granting a continuance. The real contract between the parties was the order for the goods, and as there was no defense offered, the court below properly directed a verdict for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.